Not For Publication

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
|  |  |
|---|---|
| IN RE: | CASE NO.    08-34105 (LMW) |
| HOLLY MANNING, | CHAPTER    7 |
| DEBTOR. |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - |  |
| TIMOTHY SCHILKE, | ADV. PRO. NO.    09-3040 |
| PLAINTIFF | DOC. I.D. NO.    1 |
| vs. |  |
| HOLLY MANNING, |  |
| DEFENDANT. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

Timothy Schilke                                                 Plaintiff (*pro se*)
30 Middletown Avenue
Old Saybrook, CT 06475

Holly Manning                                                   Defendant/Debtor (*pro se*)
13 Waterbury Avenue
Old Saybrook, CT 06475

### BRIEF MEMORANDUM OF DECISION RE: COMPLAINT
### TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS
### PURSUANT TO 11 U.S.C. § 523(a)(5) OR 11 U.S.C. § 523(a)(2)

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** this chapter 7 case was commenced by the above-referenced debtor (the "Debtor") by petition filed on December 18, 2008;

**WHEREAS,** the Debtor received a chapter 7 discharge on May 21, 2009. (*See* Case Doc. I.D. No. 24.);

**WHEREAS,** this adversary proceeding was commenced by a complaint (A.P. Doc. I.D. No. 1, the "Complaint") filed on May 18, 2008 seeking a determination that a certain alleged debt (the "Debt") owing to the above-captioned plaintiff (the "Plaintiff") was not discharged in this chapter 7 case pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(5);

**WHEREAS,** on August 6, 2009, the Debtor filed an answer (A.P. Doc. I.D. No. 17, the "Answer") in which she stated the following:

> I had filed for bankruptcy and was discharged in January 2009. This is a property settlement, which is dischargeable and <u>not</u> <u>alimony</u>.

(*Id.* (emphasis in original).);

**WHEREAS,** trial (the "Trial") of this adversary proceeding was convened on November 16, 2009, at which Trial the Plaintiff and the Debtor appeared *pro se* and submitted certain exhibits into the record;[1]

**WHEREAS,** the evidence submitted at Trial establishes the following facts:

- The parties entered into a Separation Agreement (the "Separation Agreement"), dated March 22, 2007, for the purpose of dissolving their marriage.

- The Separation Agreement provided in pertinent part:

    <u>Martial Residence</u>.  The Husband shall quitclaim all of his right, title, and interest in and to the jointly-owned martial residence to the Wife and the Wife shall pay to the Husband the sum of Thirty Four Thousand Six Hundred and Fifty ($34,650.00) Dollars as a *property settlement* [the "Settlement"].  Said *property settlement* shall

---

[1] The court issued a bench ruling at the Trial which is conformed to this Brief Memorandum of Decision and constitutes the findings of fact and conclusions of law mandated by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

    be secured by a promissory note and mortgage deed carrying simple interest of four (4%) per annum and shall be payable on the earliest of the following occurrences: . . . the sale . . . of the property . . . .

(Separation Agreement at 4 (emphasis added).)

•   The subject property was sold on December 10, 2008.

•   From the sales proceeds, the Plaintiff was paid a total sum of $11,375.13.

•   The balance remaining from the Settlement (after payment of the foregoing amount) together with all pertinent interest constitute the Debt (as defined above).

**WHEREAS,** as noted above, the Complaint seeks a determination of nondischargeability under Bankruptcy Code §§ 523(a)(2) and (a)(5). However, the parties concede that the Debt is a property settlement which implicates Section 523(a)(15). Although the Complaint makes no mention of Section 523(a)(15), the court is able to consider that provision pursuant to Rule 54(c) of the Federal Rules of Civil Procedure (made applicable here by Rule 7054 of the Federal Rules of Bankruptcy Procedure) which provides: "Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." (*Id.*) *See* 10 C. A. Wright, A. R. Miller & M. K. Kane, *Federal Practice and Procedure* § 2664, at 173-74 (3 ed. 1998) ("If defendant has appeared and begun defending the action, adherence to the particular legal theories of counsel that may have been suggested by the pleadings is subordinated to the court's duty to grant the relief to which the prevailing party is entitled, whether it has been demanded or not."); *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1068 (9th Cir. 2002) ("So long as a party is entitled to relief, a trial court must grant such relief despite the absence of a formal demand in the party's pleadings.");[2]

---

  [2]   The court also is cognizant of the fact that the parties before it are proceeding *pro se.*

**WHEREAS,** Bankruptcy Code Section 523(a)(15) provides in relevant part:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –

. . .

  (15) to a . . . former spouse . . . of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor . . . in connection with a separation agreement . . . .

11 U.S.C.A. § 523(a) (West 2009);

**WHEREAS,** as noted, there is no dispute that the Debt is a property settlement. Both parties, however, believe that property settlement debts are dischargeable in bankruptcy.[3] However, that has not been the law since at least 1994 when the Bankruptcy Reform Act of 1994 added subsection (a)(15) to Section 523 which new subsection excepted property settlement debts from discharge unless dischargeability was established under a balancing test. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 deleted the balancing test and "[s]ection 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable." 4 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 523.21, at 523-117 (15 ed. rev. 2009). That 2005 law is applicable to this adversary proceeding;

**WHEREAS,** as the Debt is conceded to be a property settlement, it is therefore deemed nondischargeable pursuant to Bankruptcy Code § 523(a)(15).

---

[3] The Debtor stated at the Trial that this was the information conveyed to her by her bankruptcy counsel.

**NOW, THEREFORE,** for the reasons set forth above, it is **ORDERED** that judgment shall enter in favor of the Plaintiff.

Dated: November 17, 2009                                              BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge